UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | | |
|---|---|---|
| **IVAN OJEDA, individually and on behalf of all others similarly situated,** | § § § | |
| | § | **CIV. A. NO. _____** |
| **Plaintiff,** | § § | |
| | § | **JURY TRIAL DEMANDED** |
| **vs.** | § § | |
| | § | **CLASS/COLLECTIVE ACTION** |
| **LOUIS BERGER GROUP (DOMESTIC), INC., KENNETT CONSULTING, LLC, and KALLBERG INDUSTRIES, LLC,** | § § § | **PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23** |
| **Defendants.** | § § § | |

PLAINTIFF'S ORIGINAL COLLECTIVE ACTION
AND CLASS ACTION COMPLAINT

I.    SUMMARY

1.      Ivan Ojeda ("Ojeda" or "Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Louis Berger Group (Domestic), Inc., Kennett Consulting, LLC, and Kallberg Industries, LLC (collectively, "Defendants") under the provisions of section 216(b) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended 29 U.S.C. §§ 201, et seq, and the Puerto Rico Wage Payment Statute, 29 L.P.R.A. §§ 171, et seq., §§ 250, et seq., and §§ 271, et seq.

2.      Plaintiff and the other workers like him regularly worked for Defendants as mechanics in excess of 40 hours each week. As shown below, Defendants failed to properly compensate Plaintiff and all other similarly situated workers. When these workers were paid a day rate, they were not paid overtime. When they were paid hourly, Defendants failed to properly calculate their rate of pay, by failing to include all remuneration received, thereby depriving them of the appropriate rate of overtime pay. Defendants also improperly classified Plaintiff and those similarly situated as independent

contractors. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

5.     The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

6.     Defendant Louis Berger maintains its headquarters in this District and Division. The other defendants were subcontractors to Louis Berger, and Plaintiff and the Putative Class Members were jointly employed by Louis Berger and these Defendants.

## III. PARTIES

7.     Plaintiff Ivan Ojeda is an individual residing in San Juan, Puerto Rico. He worked for Defendants as a diesel mechanic from approximately January 2018 until September 2018. For part of his employment with Defendants, he was paid a day-rate with no overtime compensation. He was then paid an hourly rate, but his overtime rate was not calculated based on all remuneration received. At all times of his work, he was classified as an independent contractor. His consent to be a party plaintiff is attached as Exhibit A.

8.     Plaintiff brings this action on behalf of multiple classes (collectively, the "Putative Classes"). First, Plaintiff brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Defendants' day-rate system. Defendants paid each of these workers a flat amount for each day worked and failed to pay them overtime for all

hours that they worked in excess of 40 hours in a workweek. The class of similarly situated employees or potential class members sought to be certified is defined as follows (the "Day Rate Class"):

**ALL CURRENT AND FORMER WORKERS EMPLOYED BY OR ON BEHALF OF LOUIS BERGER, KENNETT CONSULTING, KALLBERG INDUSTRIES AND ANY OF THEIR SUBSIDIARIES, ALTER EGOS OR CO-EMPLOYERS WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE**

9.      Plaintiff also brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Defendants as hourly employees, whose overtime rate was improperly calculated. The class of similarly situated employees or potential class members sought to be certified is defined as follows (the "Hourly Class"):

**ALL CURRENT AND FORMER WORKERS EMPLOYED BY OR ON BEHALF OF LOUIS BERGER, KENNETT CONSULTING, KALLBERG INDUSTRIES AND ANY OF THEIR SUBSIDIARIES, ALTER EGOS OR CO-EMPLOYERS CLASSIFIED AS INDEPENDENT CONTRACTORS AND RECEIVED HOURLY RATE PLUS FRINGE PAYMENTS**.

10.      Plaintiff further seeks class certification of such a class under FED. R. CIV. P. 23 under Puerto Rico Law (the "Puerto Rico Class").

11.      Defendant Louis Berger Group (Domestic) Inc., is a New Jersey corporation that may be served through its registered agent, Michael Reap, 412 Mount Kemble Ave., Morristown, NJ 07960-6666.

12.      Defendant Kennett Consulting, LLC is a Florida limited liability company. It may be served through its agent and director/officer Guy I. Kennett, 595 Coconut Circle, Weston, FL 33326.

13.      Defendant Kallberg Industries is a Tennessee limited liability company. It may be served through its agent and director/officer Kathryn Corell Kallberg, 5650 Pinewood Rd, Franklin, TN 37064-9369.

### IV. COVERAGE UNDER THE FLSA

14.      At all times hereinafter mentioned, Defendants have been an employer within the

meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15.     At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16.     At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17.     At all times hereinafter mentioned, Plaintiff and the Putative Classes' Members were engaged in commerce or in the production of goods for commerce.

18.     At all times hereinafter mentioned, Defendants have been an employer within the meaning of 29 L.P.R.A. § 250b.

19.     At all times hereinafter mentioned, Plaintiffs was an employee within the meaning of 29 L.P.R.A. § 250b.

20.     As will be shown through this litigation, Defendants treated Plaintiff, and indeed all of its workers that it classified as independent contractors and paid a daily rate to without overtime compensation or whose overtime rate was miscalculated, as employees and uniformly dictated the pay practices Plaintiff and its other workers (including its so-called "independent contractors") were subjected to.

21.     Defendants' misclassification of Plaintiff and the Putative Classes' Members as independent contractors does not alter their status as employers for purposes of this FLSA collective action.

## V.    FACTS

22.    Following the massive devastation caused by Hurricane Irma and Hurricane Maria, FEMA and other state and federal governmental departments, such as the Department of the Arm implemented programs to provide aid and repairs. Defendants are the companies that were either awarded the contracts or provided work under those contracts.

23.    As of November 1, 2018, FEMA alone has awarded more than $4 billion for public assistance programs.[1]

24.    As part of these efforts, Louis Berger was awarded multiple contracts for power generation and repair.  It deployed "more than 300 staff and independent contractors on the ground in support of the Federal Emergency Management Agency (FEMA), U.S. Army Corps of Engineers (USACE), U.S. Postal Service (USPS) and Defense Logistics Agency (DLA) missions to bring much needed manpower, equipment and supplies" to residents of Puerto Rico.[2]

25.    Louis Berger subcontracted this work through Kennett and Kallberg and other subcontractors.  Upon information and belief, Defendants shared supervision and control of Plaintiff and the Putative Class Members' work schedules, determined their rate and method of payment, and jointly maintained employment records for work performed under the governmental programs. These entities jointly provided repairs, and service and maintenance on generators for use in Puerto Rico.

26.    To implement this work, the Defendants hired workers such as Plaintiff to perform skilled and manual labor to provide handyman, laborer, or mechanic services.

27.    For this work, Plaintiff and the Putative Classes' Members were misclassified as independent contractors.  These workers make up the proposed Putative Classes. While exact job titles and job duties may differ, these workers are subjected to the same or similar illegal pay practices for

---

[1] https://www.fema.gov/news-release/2018/11/01/fema-public-assistance-funding-tops-4-billion-puerto-rico
[2] https://www.louisberger.com/news/relief-bound-puerto-rico-and-virgin-islands

similar work. For the Day Rate Class, Defendants classified all of these workers as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek. For the Hourly Class, Defendants improperly excluded certain payments it called "fringe" payments from the regular rate of pay, and as a result Plaintiff and the Hourly Class members were not paid overtime at the proper overtime rate required by federal law.

28.     Plaintiff Ivan Ojeda worked for Defendants as a diesel mechanic from approximately January 2018 to September 2018. He was responsible for installing, maintaining, servicing, and fueling generators for use in Puerto Rico as part of the relief and repair work.  Initially, he was paid a day rate by Defendants.  Then they switched him to hourly, and paid him an overtime rate, as well as paying him "fringe" pay.  His overtime rate was 1.5 times his regular rate; it did not incorporate the fringe pay.

29.     Plaintiff had no power to hire or fire other workers.  All aspects of his work were controlled by the Defendants.  The Defendants retained the authority to hire and fire, they issued pay, supervised, controlled, and directed Plaintiff and the Putative Classes' Members, and they controlled all aspects of Plaintiff's and the Putative Classes' Members' job activities.

30.     Defendants set Plaintiff's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Defendants. Defendants directly determined Plaintiff's opportunity for profit and loss.  Plaintiff's earning opportunity was based on the number of days Defendants scheduled him to work.

31.     Defendants ordered the hours and locations Plaintiff worked, tools used, and rates of pay received.

32.     Plaintiff was economically dependent on Defendants during his employment.

33.    Plaintiff did not incur operating expenses like rent, payroll, marketing, and insurance.

34.    No real investment was required of Plaintiff or the members of the Putative Classes to perform their jobs; they did not bring building supplies, tools, or equipment to the island. These items were provided by Defendants.

35.    The job functions of Plaintiff and the members of the Putative Classes were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

36.    The members of the Putative Classes did not have any supervisory or management duties. Finally, for the purposes of an FLSA overtime claim, the members of the Putative Classes performed substantially similar job duties related to repair work and maintenance on generators for use in Puerto Rico's recovery efforts.

37.    Plaintiff performed routine manual and technical labor duties that were largely dictated by Defendants and/or their clients.

38.    All of the members of the Putative Classes performed the same or similar job duties and are subjected to the same or similar policies and procedures, which dictate the day-to-day activities performed by each person.

39.    The members of the Putative Classes also worked similar hours and were denied overtime as a result of the same illegal pay practice. They all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time. Instead of paying them overtime, Defendants paid the members of the Putative Classes a day-rate or an inappropriate overtime rate, and misclassified them as independent contractors.

40.    Defendants' policy of failing to properly pay its independent contractors, including Plaintiff, violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

41.     Because Plaintiff (and Defendants' other independent contractors) was misclassified as an independent contractor by Defendants, he should receive the correct amount of overtime for all hours that he worked in excess of 40 hours in each workweek.

42.     Defendants' day-rate system and fringe pay practices violate the FLSA because Plaintiff and those similarly situated did not receive the correct amount of pay for hours worked over 40 hours each week.

## VI.     FLSA VIOLATIONS

43.     As set forth herein, Defendants have violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

44.     Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Classes' Members overtime compensation. Defendants' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

45.     Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages, plus liquidated damages, attorney's fees and costs.

## VII. PUERTO RICO VIOLATIONS

46.     Plaintiff brings this claim under Puerto Rico law as a Rule 23 class action

47.     Puerto Rico law requires employers like Defendants to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Defendants were subject to Puerto Rico Law and Plaintiff and the Puerto Rico Class Members are entitled to overtime pay under this law. P.R. Laws Ann. tit. 29 § 271 et seq ("Law 379").

48.　　　Defendants have violated Puerto Rico law by failing to compensate their employees for hours worked in excess of 40 hours per week at rates less than 1 and ½ times the regular rates for which they were employed.

49.　　　Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under Puerto Rico law in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VIII.　Class and Collective Action Allegations

50.　　　Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Plaintiff were likewise imposed on the members of the Classes.

51.　　　Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and Puerto Rico law.

52.　　　Numerous other individuals who worked with Plaintiff indicated they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

53.　　　Based on his experiences and tenure with Defendants, Plaintiff is aware that Defendants' illegal practices were imposed on the members of the Classes.

54.　　　The members of the Day Rate Class were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of 40 per week.

55.　　　The members of the Hourly Class were all improperly classified as independent contractors and not paid the correct rate for their hours worked in excess of 40 per week.

56.　　　Defendants' failure to pay appropriate wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the members of the Class.

57.     Plaintiff's experiences are therefore typical of the experiences of the members of the Classes.

58.     The specific job titles or precise job locations of the various members of the Classes do not prevent class or collective treatment.

59.     Plaintiff has no interests contrary to, or in conflict with, the members of the Classes. Like each member of the Classes, Plaintiff has an interest in obtaining the unpaid overtime wages owed under federal law.

60.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

61.     Absent this action, many members of the Classes likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA and Puerto Rico law.

62.     Furthermore, even if some of the members of the Classes could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

63.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

64.     The questions of law and fact common to each of the members of the Classes predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a) Whether Defendants employed the members of the Classes within the meaning of the FLSA or state law;

b) Whether the members of the Classes were improperly misclassified as independent contractors;

c) Whether Defendants' decision to classify the members of the Classes as independent contractors was made in good faith;

d)   Whether Defendants' decision to not pay the correct amount for overtime to the members of the Classes was made in good faith;

e)   Whether Defendants' violation of the FLSA was willful; and

f)   Whether Defendants' illegal pay practices were applied uniformly across the nation to all members of the Classes.

65.     Plaintiff's claims are typical of the claims of the members of the Classes. Plaintiff and the members of the Classes sustained damages arising out of Defendants' illegal and uniform employment policy.

66.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

67.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## XI. CLAIMS UNDER PUERTO RICO LAW

68.     Puerto Rico Code 29 L.P.R.A. § 171, et seq., limits the deductions that can be taken from a worker's wages.  Defendants made illegal deductions from the wages of Plaintiff and the members of the Putative Classes.  These deductions were not authorized and were done willfully.

69.     Puerto Rico Code 29 L.P.R.A. § 173 requires employers to pay their employees for all hours worked, at intervals not to exceed 15 days. If employee is dismissed from work, he must be paid no later than the next official payday.  Defendants regularly and willfully failed to properly pay Plaintiff and the Putative Classes for their time, and failed to do so in the time required. Puerto Rico Code provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney's fees, and other appropriate relief. 29 L.P.R.A. § 177.

70.     Puerto Rico Code 29 L.P.R.A. § 185a, et seq., applies to protect workers from wrongful discharge.  Any employee who is terminated without just cause is entitled to mandatory severance under Puerto Rico law.  "Just cause for discharge of an employee shall be understood to be that which is not based on legally prohibited reasons and on a whim of the employer." 29 L.P.R.A. § 185b. Defendants willfully violated these statutes when Plaintiff or members of the Putative Classes were terminated without just cause and not paid the required severance.

71.     Puerto Rico Code 29 L.P.R.A. § 250 et seq., mirrors the federal requirements for minimum wage.  On several occasions, Defendants failed to pay members of the class for hours worked.  These class members regularly performed manual labor for 10 and 12 hour periods per day, but were underpaid or not paid for altogether for this work.  Defendants willfully violated these sections by failing to pay these plaintiffs for all hours worked.

72.     Puerto Rico Code 29 L.P.R.A. § 271, et seq., mandates that regular working hours for non-exempt employees are eight (8) hours per day, and forty (40) hours per week.  All hours worked in excess of eight hours in any work day or forty hours in a week must be compensated as overtime.  29 L.P.R.A. § 273(a), §274.  Defendants willfully violated these sections by failing to properly compensate Plaintiff for all hours actually worked in excess of eight per day or forty per week. Ojeda and the putative class members regularly worked in excess of 10 hours per day, 6 days per week.

73.     Puerto Rico Code 29 L.P.R.A. § 283 regulates the meal periods granted to workers. All non-exempt employees are entitled to 1 hour for a meal, to be taken between the third and sixth consecutive hours of work.  An "employer who requires or allows an employee to work for a period longer than five (5) consecutive hours, without providing a meal period, must pay the employee an extraordinary compensation for the time worked" at a rate of one and a half times the regular rate of pay. *Id.*  Defendants willfully violated this section by requiring or failing to allow Plaintiff and the members of the Putative Classes their regular meal periods.

74.    Puerto Rico Code 29 L.P.R.A. § 501, et seq., requires employers to pay workers who have worked a certain number of hours a bonus (commonly called a "Christmas Bonus"). This bonus is provided in addition to any other wages or benefits of any other kind to which an employee is entitled. *Id.* Defendants employed the requisite number of workers, but willfully failed to pay a bonus to those members of the Putative Classes who qualified.

75.    As a result of Defendants willful violations of the applicable Puerto Rico Labor Laws, Plaintiff and the Putative Classes are entitled to recover their respective unpaid compensation, liquidated damages (double damages), as provided for by the Puerto Rico Labor Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## X.    JURY DEMAND

76.    Plaintiff demands a trial by jury.

## XI.    RELIEF SOUGHT

77.    WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.    For an Order designating the Day Rate Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.    For an Order designating the Hourly Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

c.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and the Putative Classes for liquidated damages equal in amount to their unpaid compensation;

d.    For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

e.    For an Order appointing Plaintiff and his counsel as Class Counsel to represent the interests of the both the federal and state law classes;

f.    For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

g.    For an Order granting such other and further relief as may be necessary and appropriate.


Respectfully submitted,


/s/ Dana M. Cimera

FITAPELLI & SCHAFFER, LLP
Joseph A. Fitapelli*
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

AND

Michael A. Josephson*
Texas Bar No. 24014780
S.D. Tex. ID No. 27157
Andrew Dunlap
Texas Bar No. 24078444
S.D. Tex. ID No. 1093163
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, Texas 77046

713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

AND

Richard J. (Rex) Burch*
Texas Bar No. 24001807
S.D. Tex. ID No. 21615
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:      (713) 877-8788
Telecopier:     (713) 877-8065
rburch@brucknerburch.com

*Admission *Pro Hac Vice* Forthcoming