UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| IVAN OJEDA and JOSE RODRIGUEZ-ORTIZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> LOUIS BERGER GROUP (DOMESTIC), INC., KENNETT CONSULTING, LLC, KALLBERG INDUSTRIES, LLC, BLUESOURCE, LLC, AUTOMATED CONTROLS AND POWER LLC/ACP LLC, H.P. SERVICES, CORP., ABLE INNOVATIONS INC. d/b/a HELSEL'S AUTOMOTIVE, SUN COAST RESOURCES, INC., LMD AND ASSC., LLC, and DK&J ENTERPRISES, INC. <br><br> **Defendants.** | CIV. A. NO. 2:18-cv-17233-KM-JBC <br><br> JURY TRIAL DEMANDED <br><br> CLASS/COLLECTIVE ACTION <br><br> PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23 |

**PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION
AND CLASS ACTION COMPLAINT**

### I.   SUMMARY

1. Ivan Ojeda (Ojeda) and Jose Rodriguez-Ortiz (Ortiz) (collectively, "Plaintiffs") bring this lawsuit to recover unpaid overtime wages and other damages from Louis Berger Group (Domestic), Inc., Kennett Consulting, LLC (Kennett), and Kallberg Industries, LLC (Kallberg), Bluesource LLC (Bluesource), Automated Controls And Power LLC/ACP LLC (ACP), H.P. Services, Corp. (HP), Able Innovations Inc. d/b/a Helsel's Automotive (Helsel's), Sun Coast Resources, Inc. (Sun Coast), LMD and Assc., LLC (LMD), and DK&J Enterprises, Inc. d/b/a Roy & Dot's Towing (DK&J) (collectively, "Defendants") under the provisions of section 216(b) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended 29 U.S.C. §§ 201, et seq., the Puerto Rico Wage

1

Payment Statute (the "PRWPS"), 29 L.P.R.A. §§ 171, et seq., §§ 250, et seq., and §§ 271, et seq., and the Virgin Islands Fair Wage and Hours Act (the "VIFWHA"), 24 V.I.C. § 1 et seq.

2. Plaintiffs and those similarly situated regularly worked for Defendants in excess of 40 hours each week. As shown below, Defendants failed to properly compensate Plaintiffs and all other similarly situated workers. When these workers were paid a day rate, they were not paid overtime. When they were paid hourly, Defendants failed to properly calculate their rate of pay, by failing to include all remuneration received, thereby depriving them of the appropriate rate of overtime pay. Defendants also improperly classified Plaintiffs and those similarly situated as independent contractors. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

5. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

6. Defendant Louis Berger maintains its headquarters in this District and Division. As the prime contractor, Defendant Louis Berger contracted with all subcontractor Defendants including Kennett, Kallberg, Bluesource, ACP, H.P., Helsel's, Sun Coast, LMD, and DK&J. The other Defendants were subcontractors to Louis Berger, and Plaintiffs and the Putative Class Members (defined below) were jointly employed by Louis Berger and these Defendants. All Defendants conduct substantial business and enter into contracts in New Jersey.

### III. PARTIES

7. Plaintiff Ojeda is a resident of Puerto Rico. His written consent is on file with the Court.

8. Ojeda worked as a Diesel Mechanic for Defendants from January of 2018 until September of 2018 in Puerto Rico.

9. Ojeda would perform service and maintenance on industrial generators.

10. Initially, Ojeda was paid a day rate of $225 regardless of the number of hours he worked.

11. Ojeda normally worked 12 hours a day seven days a week.

12. But Ojeda was not paid overtime for hours worked over 40 in a workweek.

13. Ojeda would report and verify the hours he worked to Defendants.

14. Ojeda was switched to hourly pay with overtime.

15. But Defendants failed to include his "fringe" pay into his regular rate.

16. Defendants did not include all remuneration into calculating the overtime that Ojeda should have received.

17. Ortiz is an adult resident of Puerto Rico. His written consent to be a party Plaintiff is attached hereto as Exhibit A.

18. Ortiz was employed by Defendants from October of 2017 to May of 2018.

19. Ortiz performed deliveries for Defendants.

20. Ortiz would deliver generators and heavy equipment for the work sites in Puerto Rico and the Virgin Islands.

21. Ortiz was paid a flat day-rate which ranged between $200 to $250 per day regardless of the number of hours he worked.

22. Ortiz customarily worked 12 or more hours a day.

23. Ortiz consistently worked over 60 hours a week.

24. Ortiz was not paid overtime for hours worked over 40 in a workweek.

25. Plaintiffs bring this action on behalf of multiple classes. First, Plaintiffs bring this action individually and on behalf of all other similarly situated workers who were classified as independent contractors and paid by Defendants' day-rate system. Defendants paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek. The class of similarly situated employees or potential class members sought to be certified is defined as follows (the "Day Rate Class"):

> **All workers employed by or on behalf of Louis Berger and any subsidiaries, alter egos, or co-employers who were classified as independent contractors and paid a day-rate.**

26. Plaintiff Ojeda also brings this action individually and on behalf of all other similarly situated workers who were classified as independent contractors and paid by Defendants as hourly employees, whose overtime rate was improperly calculated. The class of similarly situated employees or potential class members sought to be certified is defined as follows (the "Hourly Class"):

> **All workers employed by or on behalf of Louis Berger and any subsidiaries, alter egos, or co-employers who were classified as independent contractors and received an hourly rate plus fringe payments.**

27. The Day Rate Class and the Hourly Class are collectively the "Putative Class Members."

28. Plaintiffs further seek class certification pursuant to FED. R. CIV. P. 23 under Puerto Rico Law (the "Puerto Rico Class") and Virgin Islands Law (the "Virgin Islands Class").

29. Plaintiffs bring this action on behalf of themselves and on behalf of the Puerto Rico Class:

> **All workers employed by or on behalf of Louis Berger and any subsidiaries, alter egos, or co-employers who were classified as independent contractors and paid a day-rate or received an hourly rate plus fringe payments in Puerto Rico.**

4

30. Plaintiff Ortiz brings this this action behalf of himself and on behalf of the Virgin Islands Class:

> **All workers employed by or on behalf of Louis Berger and any subsidiaries, alter egos, or co-employers who were classified as independent contractors and paid a day-rate in the Virgin Islands.**

31. Defendant Louis Berger Group (Domestic) Inc., is a New Jersey corporation that has made an appearance in this case.

32. Defendant Kennett Consulting, LLC is a Florida limited liability company. It has made an appearance in this case.

33. Defendant Kallberg Industries is a Florida limited liability company. It has made an appearance in this case.

34. Defendant Bluesource LLC is a Delaware corporation that may be served through its registered agent, The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628.

35. Defendant Automated Controls and Power LLC/ACP LLC is a Louisiana limited liability company. It may be served through its registered agent John Blanchard, 316 Mecca Street Lafayette, LA 70508.

36. Defendant H.P. Services Corp. is a Puerto Rican corporation that can be served through its agent or director/officer, Rafael Alicea Cestero, Carr 844 km 4.2 Camino los andinos Cupey Bajo, San Juan, PR 00926.

37. Defendant Able Innovations, Inc. d/b/a Helsel's Automotive is a Florida corporation. It may be served through its agent and director/officer Jill Helsel, 898 Glendale Avenue NW, Palm Bay, FL 32907.

38. Defendant Sun Coast Resources, Inc. is a Texas corporation authorized to do business in New Jersey. It may be served through its registered agent National Registered Agents, INC. Of NJ, 820 Bear Tavern RD, West Trenton, NJ, 08628.

39. Defendant LMD and Assc, LLC is a corporation authorized to do business in New Jersey. It may be served through it President, Mark Derry, at 2235 Ashley Crossing Dr., Apt. 6A, Charleston, South Carolina 29414.

40. Defendant DK&J Enterprises, Inc. d/b/a Roy & Dot's Towing is a corporation authorized to do business in New Jersey. It may be served through its President, David McClure, at 2223 N. Locust Ave., Rialto, California 92377.

41. All of these Defendants worked together in concert to employ the Putative Class Members in both Puerto Rico or the Virgin Islands.

42. A Wage & Hour investigation was conducted regarding Louis Berger and the other Defendants' pay practices.

43. The Case ID is 1841216.

44. Louis Berger agreed to pay more than $5,000,000.00 in back wages for it and the subcontractors identified above.

45. The pay practices found to be overtime violations are the same pay practices which Plaintiffs and the Putative Class Members were subjected to and are at issue in this lawsuit.

### IV. COVERAGE UNDER THE FLSA

46. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

47. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

48. At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce - such as oilfield equipment, hand tools, computers, automobiles, and cell phones – by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

49. At all times hereinafter mentioned, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

50. At all times hereinafter mentioned, Defendants have been an employer within the meaning of 29 L.P.R.A. § 250b and 24 V.I.C. § 1 et seq.

51. At all times hereinafter mentioned, Plaintiffs and the Putative Class Members were employees within the meaning of 29 L.P.R.A. § 250b and/or 24 V.I.C. § 1 et seq.

52. As will be shown through this litigation, Defendants treated Plaintiffs, and indeed all of their hurricane relief workers that were classified as independent contractors or employees and paid a daily rate without overtime compensation or whose overtime rate was miscalculated.

53. Defendants' misclassification of Plaintiffs and the Putative Class Members as independent contractors does not alter their status as employers for purposes of this FLSA collective or class action.

**V.   FACTS**

54. Following the massive devastation caused by Hurricane Irma and Hurricane Maria, FEMA and other state and federal governmental departments, such as the Department of the Army implemented programs to provide aid and repairs to Puerto Rico and the Virgin Islands.

55. As of November 1, 2018, FEMA alone awarded more than $4 billion for public assistance programs.[1]

---

[1] https://www.fema.gov/news-release/2018/11/01/fema-public-assistance-funding-tops-4-billion-puerto-rico

56. As part of these efforts, Louis Berger was awarded multiple contracts for power generation and repair. It deployed "more than 300 staff and independent contractors on the ground in support of the Federal Emergency Management Agency (FEMA), U.S. Army Corps of Engineers (USACE), U.S. Postal Service (USPS) and Defense Logistics Agency (DLA) missions to bring much needed manpower, equipment and supplies" to residents of Puerto Rico[2] and the Virgin Islands.

57. Louis Berger was the prime contractor and subcontracted this work through the named Defendants and other subcontractors. Upon information and belief, Defendants shared supervision and control of Plaintiffs and the Putative Class Members' work schedules, determined their rate and method of payment, and jointly maintained employment records for work performed under the governmental programs. These entities jointly provided delivery, repairs, and service and maintenance on generators for use in Puerto Rico and the Virgin Islands.

58. To implement this work, the Defendants hired workers such as Plaintiffs to perform skilled and manual labor to provide handyman, laborer, or mechanic services.

59. For this work, Plaintiffs and the Putative Class Members were misclassified as independent contractors. While exact job titles and job duties may differ, these workers are subjected to the same or similar illegal pay practices for similar work.

60. For the Day Rate Class, Defendants classified all of these workers as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

61. For the Hourly Class, Defendants improperly excluded certain payments it called "fringe" payments from the regular rate of pay, and as a result Plaintiffs and the Hourly Class members were not paid overtime at the proper overtime rate required by federal law.

---

[2] https://www.louisberger.com/news/relief-bound-puerto-rico-and-virgin-islands

62. The Defendants' pay practices violate the FLSA, Puerto Rico wage laws, and U.S. Virgin Islands' wage laws.

63. Plaintiffs and the Putative Class Members generally provided labor, transportation, and/or mechanical services in connection with restoration of power in Puerto Rico and the Virgin Islands after the hurricanes, including installing, maintaining, servicing, and fueling generators. Initially, some were paid a day rate by Defendants, but were then switched to hourly pay, paid him an overtime rate, as well as some "fringe" pay. Even though in certain instances the overtime rate was 1.5 times the regular hourly rate; it did not incorporate the fringe pay and as a result the overtime rate was improper.

64. Plaintiffs and the Putative Class Members had no power to hire or fire other workers. All aspects of their work were controlled by the Defendants. The Defendants retained the authority to hire and fire, they issued pay, supervised, controlled, and directed Plaintiffs and the Putative Class Members, and they controlled all aspects of Plaintiffs and the Putative Class Members' job activities.

65. Defendants set Plaintiffs and the Putative Class Members' rates of pay and work schedule and prohibited them from working other jobs for other companies while they were working on jobs for Defendants. Defendants directly determined Plaintiffs and the Putative Class Members' opportunity for profit and loss. Plaintiffs and the Putative Class Members' earning opportunity was based on the number of days Defendants scheduled him to work.

66. Defendants ordered the hours and locations Plaintiffs and the Putative Class Members worked, tools used, and rates of pay received.

67. Plaintiffs and the Putative Class Members were economically dependent on Defendants during their employment.

68. Plaintiffs and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and insurance.

69. No real investment was required of Plaintiff or the members of the Putative Class to perform their jobs; they did not bring building supplies, tools, or equipment to the island. These items were provided by Defendants or its clients.

70. The job functions of Plaintiffs and the members of the Putative Class were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

71. The members of the Putative Classes did not have any supervisory or management duties. Finally, for the purposes of their overtime claims, the members of the Putative Class performed substantially similar job duties related to repair work and maintenance on generators for use in Puerto Rico's and the Virgin Islands' recovery efforts.

72. Plaintiffs performed routine transportation, manual, and technical labor duties that were largely dictated by Defendants and/or their clients.

73. All of the members of the Putative Classes performed the same or similar job duties and are subjected to the same or similar policies and procedures, which dictate the day-to-day activities performed by each person.

74. The members of the Putative Class also worked similar hours and were denied overtime as a result of the same illegal pay practice. They all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time. Instead of paying them overtime, Defendants paid the members of the Putative Classes a day-rate or an inappropriate overtime rate and misclassified them as independent contractors.

75. Defendants' policy of failing to properly pay its independent contractors, including Plaintiffs, violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

76. Because Plaintiffs and the Putative Class Members were misclassified as independent

contractors by Defendants and/or paid the incorrect overtime rate, they should receive the correct amount of overtime for all hours that they worked in excess of 40 hours in each workweek.

77. Defendants' day-rate system and fringe pay practices violate the FLSA because Plaintiffs and the Putative Class Members did not receive the correct amount of pay for hours worked over 40 hours each week.

## VI. FLSA VIOLATIONS

78. As set forth herein, Defendants have violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

79. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Defendants' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

80. Accordingly, Plaintiffs and the Putative Class Members are entitled to overtime wages, plus liquidated damages, attorney's fees and costs.

## VII. PUERTO RICO VIOLATIONS

81. Plaintiffs bring this claim under Puerto Rico law as a Rule 23 class action.

82. Puerto Rico law requires employers like Defendants to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Defendants were subject to Puerto Rico Law and Plaintiffs and the Puerto Rico Class Members are entitled to overtime pay under this law. P.R. Laws Ann. tit. 29 § 271 et seq ("Law 379").

83. Defendants have violated Puerto Rico law by failing to compensate their employees

for hours worked in excess of 40 hours per week at rates less than 1 and ½ times the regular rates for which they were employed.

84.     Puerto Rico Code 29 L.P.R.A. § 171, et seq., limits the deductions that can be taken from a worker's wages. Defendants made illegal deductions from the wages of Plaintiffs and the Putative Class Members. These deductions were not authorized and were done willfully.

85.     Puerto Rico Code 29 L.P.R.A. § 173 requires employers to pay their employees for all hours worked, at intervals not to exceed 15 days. If employee is dismissed from work, he must be paid no later than the next official payday. Defendants regularly and willfully failed to properly pay Plaintiffs and the Putative Class Members and failed to do so in the time required. Puerto Rico Code provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney's fees, and other appropriate relief. 29 L.P.R.A. § 177.

86.     Puerto Rico Code 29 L.P.R.A. § 185a, et seq., applies to protect workers from wrongful discharge. Any employee who is terminated without just cause is entitled to mandatory severance under Puerto Rico law. "Just cause for discharge of an employee shall be understood to be that which is not based on legally prohibited reasons and on a whim of the employer." 29 L.P.R.A. § 185b. Defendants willfully violated these statutes when Plaintiffs or the Putative Class Members were terminated without just cause and not paid the required severance.

87.     Puerto Rico Code 29 L.P.R.A. § 250 et seq., mirrors the federal requirements for minimum wage. On several occasions, Defendants failed to pay members of the class for hours worked. These class members regularly performed manual labor for 10 and 12 hour periods per day but were underpaid or not paid for altogether for this work. Defendants willfully violated these sections by failing to pay Plaintiffs and the Putative Class Members for all hours worked.

88. Puerto Rico Code 29 L.P.R.A. § 271, et seq., mandates that regular working hours for non-exempt employees are eight (8) hours per day, and forty (40) hours per week. All hours worked in excess of eight hours in any work day or forty hours in a week must be compensated as overtime. 29 L.P.R.A. § 273(a), §274. Defendants willfully violated these sections by failing to properly compensate Plaintiffs and the Putative Class Members for all hours actually worked in excess of eight per day or forty per week. Plaintiffs and the Putative Class Members regularly worked in excess of 12 hours per day, 6-7 days per week.

89. Puerto Rico Code 29 L.P.R.A. § 283 regulates the meal periods granted to workers. All non-exempt employees are entitled to 1 hour for a meal, to be taken between the third and sixth consecutive hours of work. An "employer who requires or allows an employee to work for a period longer than five (5) consecutive hours, without providing a meal period, must pay the employee an extraordinary compensation for the time worked" at a rate of one and a half times the regular rate of pay. *Id.* Defendants willfully violated this section by requiring or failing to allow Plaintiffs and the Putative Class Members their regular meal periods.

90. Puerto Rico Code 29 L.P.R.A. § 501, et seq., requires employers to pay workers who have worked a certain number of hours a bonus (commonly called a "Christmas Bonus"). This bonus is provided in addition to any other wages or benefits of any other kind to which an employee is entitled. *Id.* Defendants employed the requisite number of workers, but willfully failed to pay a bonus to those Putative Class Members who qualified.

91. As a result of Defendants willful violations of the applicable Puerto Rico Labor Laws, Plaintiffs and the Putative Class Members are entitled to recover their respective unpaid compensation, liquidated damages (double damages), as provided for by the Puerto Rico Labor Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

92. Accordingly, Plaintiffs and the Puerto Rico Class Members are entitled to overtime wages under Puerto Rico law in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VIII. Virgin Islands Violations

93. Plaintiff Ortiz brings this claim under Virgin Islands law as a Rule 23 class action.

94. Virgin Islands law requires employers like Defendants to pay overtime at a rate of time and one half their regular rate of pay for all hours worked (i) on a sixth consecutive day, (ii) over forty in one work week, and/or (iii) over eight hours in a day, in violation of Virgin Island Code Wage and Hour Laws and Regulations, 24 V.I.C. §20. ("V.I.C. Wage and Hour Claims").

95. Defendants required Plaintiff Ortiz and the Virgin Islands Class to work more than 5 consecutive days without additional compensation as required by 24 V.I.C. § 20(a).

96. Defendants required Plaintiff Ortiz and the Virgin Islands Class to work more than 8 hours in a workday without additional compensation as required by 24 V.l.C. § 20(a).

97. Defendants required Plaintiff Ortiz and the Virgin Islands Class to work more than 40 hours within a workweek without additional compensation as required by 24 V.I.C. § 20(a).

98. Defendants failed to properly disclose or apprise Plaintiffs and the Virgin Islands Class of their right a employees under the V.I.C.

99. Accordingly, Plaintiffs and the Virgin Islands Class are entitled to overtime wages under Virgin Islands law in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### IX. Class and Collective Action Allegations

100. Plaintiffs incorporate all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Plaintiffs were likewise imposed on the Putative Class Members.

101. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, Puerto Rico law, and Virgin Islands law.

102. Numerous other individuals who worked with Plaintiffs indicated they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

103. Based on their experiences and tenure with Defendants, Plaintiffs are aware that Defendants' illegal practices were imposed on the Putative Class Members. At this time, over 100 employees of Defendants have opted in to this litigation.

104. The members of the Day Rate Class were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of 40 per week.

105. The members of the Hourly Class were all improperly classified as independent contractors and not paid the correct rate for their hours worked in excess of 40 per week.

106. Defendants' failure to pay appropriate wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

107. Plaintiffs' experiences are therefore typical of the experiences of the Putative Class Members.

108. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

109. Plaintiffs have no interests contrary to, or in conflict with, the Putative Class Members. Like each member of the Putative Class, Plaintiffs have an interest in obtaining the unpaid overtime wages owed under federal law.

110. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

111. Absent this action, many members of the Putative Class likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA, Puerto Rico law, and Virgin Islands law.

112. Furthermore, even if some of the members of the Classes could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

113. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

114. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a) Whether Defendants employed the members of the Classes within the meaning of the FLSA or state law;

   b) Whether the members of the Classes were improperly misclassified as independent contractors;

   c) Whether Defendants' decision to classify the members of the Classes as independent contractors was made in good faith;

   d) Whether Defendants' decision to not pay the correct amount for overtime to the members of the Classes was made in good faith;

   e) Whether Defendants' violation of the FLSA was willful; and

   f) Whether Defendants' illegal pay practices were applied uniformly to all members of the Classes.

115. Plaintiffs' claims are typical of the claims of the Putative Class Members. Plaintiffs and the Putative Class Members sustained damages arising out of Defendants' illegal and uniform employment policy.

116.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

117.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## XI.     JURY DEMAND

118.     Plaintiffs demands a trial by jury.

## XII.     RELIEF SOUGHT

119.     WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

  a.     For an Order designating the Day Rate Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

  b.     For an Order designating the Hourly Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

  c.     For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs and the Putative Classes for liquidated damages equal in amount to their unpaid compensation;

  d.     For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

e. For an Order appointing Plaintiffs and their counsel as Class Counsel to represent the interests of the both the federal and Puerto Rico Class and Virgin Island Class;

f. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

g. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: New York, New York
March 19, 2019

Respectfully submitted,

*/s/ Dana Cimera*
Dana M. Cimera
**FITAPELLI & SCHAFFER, LLP**
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

Michael A. Josephson
Texas Bar No. 24014780
Richard M. Schreiber
State Bar No. 24056278
Andrew Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:   (713) 877-8788
Telecopier:   (713) 877-8065
rburch@brucknerburch.com

### CERTIFICATE OF SERVICE

I served a copy of this document on all counsel of record via the Court's ECF system and the Federal Rules of Civil Procedure on March 19, 2019.

*/s/ Dana Cimera*
Dana Cimera
