UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN OJEDA, JOSE RODRIGUEZ-ORTIZ, EDUARDO RIVAS FERNANDEZ, JUAN GERENA, IVAN BURGOS-TORRES, EFRAIN HERNANDEZ-ADORNO, AND MIGUEL MILLET-MORALES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS BERGER GROUP (DOMESTIC), INC., KENNETT CONSULTING, LLC, KALLBERG INDUSTRIES, LLC, BLUESOURCE, LLC, AUTOMATED CONTROLS AND POWER LLC/ACP LLC, H.P. SERVICES, CORP., ABLE INNOVATIONS INC. d/b/a HELSEL'S AUTOMOTIVE, SUN COAST RESOURCES, INC., LMD AND ASSC., LLC, AND DK&J ENTERPRISES, INC.<br><br>Defendants. | Civ. No. 18-17233 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

      This is a Fair Labor Standards Act ("FLSA") collective action claim. Defendants are companies that were awarded contracts by FEMA and other governmental organizations to provide aid and repairs to Puerto Rico and the U.S. Virgin Islands in the aftermath of Hurricanes Irma and Maria. Defendants hired the plaintiffs to perform aid and repair work pursuant to the contracts. Plaintiffs allege that, in the course of their employment, defendants

misclassified them as independent contractors and as a result deprived them of overtime pay.

Now before the Court is plaintiffs' motion for equitable tolling. (DE 218) Plaintiffs request that the Court toll the statute of limitations not for any plaintiffs who have already joined the matter, but rather for all potential plaintiffs who could, one day, decide to opt in. For the reasons set forth below, the motion is DENIED without prejudice.

## I.    Background

Plaintiff Ojeda initially filed a collective action claim against Louis Berger, Kennett Consulting, and Kallberg Industries on December 14, 2018. (Compl.) On March 19, 2019, plaintiffs filed an amended complaint adding one named plaintiff and several defendants. (DE 50) They amended the complaint again on June 11, 2020, to further add additional named plaintiffs. (DE 195) To date, more than 301 former employees have opted into this lawsuit.

## II.   Discussion

An employee seeking to vindicate his or her rights under the FLSA may bring a claim "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The named plaintiff does not, however, automatically represent similarly situated employees simply by virtue of having filed a claim with collective action allegations. *Halle v. West Penn Allegheny Health Sys., Inc.*, 842 F.3d 215, 224 (3d Cir. 2016). Rather, other employees must elect to "opt-in" to the case by filing written consent to become a party to the action in the court in which the case was brought. *Id.*; 29 U.S.C. § 216(b).

Claims under the FLSA must be commenced within two years after they accrue. 29 U.S.C. § 255(a). An action is commenced by filing a complaint or, in the case of opt-in plaintiffs, by filing a written consent to join an existing complaint. 29 U.S.C. § 256(a)-(b); *Thompson v. Real Estate Mortg. Network, Inc.*, 2019 U.S. Dist. LEXIS 107445 at *28 (D.N.J. June 26, 2019). Thus, if an opt-in plaintiff files a consent to join a suit after the statute of limitations has run, his or her claim would typically be barred.

There exist, however, "various statutory and judge-made rules that operate to toll the limitations period—that is, 'to stop its running'; 'to abate it'; or '[t]o suspend or interrupt' it." *William A. Graham Co. v. Haughey*, 646 F.3d 128, 147 (3d Cir. 2011) (internal citations omitted). Relevant here is the doctrine of "equitable tolling," which "can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has 'been prevented from filing in a timely manner due to sufficiently inequitable circumstances.'" *Santos v. United States*, 559 F.3d 189, 198 (3d Cir. 2009) (citing *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 240 (3d Cir. 1999)).

To qualify for equitable tolling, a plaintiff must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuilielmo*, 544 U.S. 408, 418 (2005). While the doctrine is an "extraordinary" remedy to be used "only sparingly," *Santos*, 559 F.3d at 197, relief has been found proper where, for example, "a claimant received inadequate notice of her right to file suit." *Seitzinger*, 165 F.3d at 240.

Fundamentally, equity is flexible, and there is no exhaustive list of factual circumstances under which equitable tolling is proper. *See Thompson*, 2019 U.S Dist. LEXIS 107445 at *31 (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). The parties here devote a great deal of time to debating whether the defendants have been prejudiced, whether the defendants misled the plaintiffs, whether the delay is plaintiffs' fault or defendants', or whether plaintiffs properly brought the action in New Jersey. The Court however, primarily "view[s] the matter from the opt-ins' point of view," and where "they ha[ve] not received notice, for reasons perhaps attributable to plaintiffs, [defendants], or [the Court]," they should not be deprived of their claims. *Depalma v. Scotts Co. LLC*, 2017 U.S. Dist. LEXIS 8884 at *16 (D.N.J. Jan. 20, 2017).

All of that said, the Court nevertheless must have the power to grant relief in order to apply the doctrine of equitable tolling, and that is where

plaintiffs' motion fails. Plaintiffs seek tolling not for any party before the Court, but rather for the potential set of plaintiffs who may, one day, elect to opt into the action. This Court will not enter what would amount to an advisory opinion on hypothetical facts.

"Federal courts have no jurisdiction to render advisory opinions. Put another way, they 'may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts.'" *In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 421 (3d Cir. 2013) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). That is precisely what the plaintiffs request in this case: an opinion from this Court holding that if employees who are not parties to this case one day sought to opt in, they would not be barred by the statute of limitations, based on equitable doctrines that require a weighing of the facts, whatever they may turn out to be, at that future time. That would be an advisory opinion.

Overwhelmingly, courts that have considered the issue have agreed with this analysis. *See Thompson*, 2019 U.S. Dist. LEXIS 107445 at *36 (refusing to grant equitable tolling to potential opt-ins because it would be an "advisory opinion" resting upon a "speculative basis"); *Sanchez v. Santander Bank, N.A.*, 2019 U.S. Dist. LEXIS 198094 at *16 (D.N.J. Nov. 15, 2019) ("[P]otential opt-in [p]laintiffs are not before the Court. Consequently, any decision as to them would constitute an impermissible advisory opinion."); *see also United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (same); *Ruder v. CWL Invs. LLC*, 2017 U.S. Dist. LEXIS 117584 at *4–5 (D. Ariz. July 27, 2017) (same); *Tidd v. Adecco USA, Inc.*, 2010 U.S. Dist. LEXIS 24785 at *9 (D. Mass. Mar. 16, 2010) ("Because these persons have not yet opted into the case, the plaintiffs are, in effect, asking for an advisory opinion, which the Court cannot issue."). These courts have reasoned that issuing an opinion on equitable tolling for potential opt-ins would share the twin defects of adjudicating the rights of persons who are not parties while at the same time having no effect on those employees who are actually in the case. *Ruder*, 2017 U.S. Dist. LEXIS 117584, at *4.

I agree. Plaintiffs admit that the potential opt-in plaintiffs "have not filed claims, and it is unknown whether they ever will." *Cook*, 795 F.2d at 994; Plaintiffs' Reply at DS 229 (admitting "there is no guarantee that any more plaintiffs will opt-in to this action"). They therefore do not have status or interests before the Court and cannot be afforded relief. Furthermore, the remedy the plaintiffs seek, tolling only for potential opt-ins, would have no effect on any named plaintiff or on any employee who has already elected to opt-in to the case. *See Ruder*, 2017 U.S. Dist. LEXIS 117584, at *4. Indeed, given that plaintiffs have made no effort to secure tolling for the employees who have opted in, the Court can only presume that those employees received notice in some form, and filed written consents within the statute of limitations. For them, no relief is necessary or available. Thus, granting plaintiffs' motion would involve adjudicating the rights of parties not before the Court and would constitute an advisory opinion.

Should any of the potential plaintiffs elect to opt in at some point in the future, the Court will consider any assertions they may have regarding equitable tolling, based on the facts as they appear at that time.

### III. Conclusion

For the reasons set forth above, the defendants' motion for equitable tolling is denied without prejudice.

An appropriate order follows.

Dated: September 28, 2020

/s/ Kevin McNulty
_____
**Kevin McNulty**
**United States District Judge**