**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

**IVAN OJEDA, JOSE RODRIGUEZ-
ORTIZ, EDUARDO RIVAS
FERNANDEZ, JUAN GERENA, IVAN
BURGOS-TORRES, EFRAIN
HERNANDEZ-ADORNO AND MUGUEL
MILLET-MORALES, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,**

        **Plaintiffs,**

**v.**

**LOUIS BERGER GROUP (DOMESTIC),
INC., KENNETT CONSULTING, LLC,
KALLBERG INDUSTRIES, LLC,
BLUESOURCE, LLC, AUTOMATED
CONTROLS AND POWER LLC/ACP
LLC, H.P. SERVICES, CORP., ABLE
INNOVATIONS INC. d/b/a HELSEL'S
AUTOMOTIVE, SUNCOAST
RESOURCES, INC., LMD AND ASSC.,
LLC, AND DK&J ENTERPRISES, INC.,**

        **Defendants.**

Civ. No. 18-17233 (KM) (JBC)

**OPINION**

---

**KEVIN MCNULTY, U.S.D.J.:**

On March 11, 2021, this Court issued an opinion and order (DE 321; DE 322) granting motions to dismiss for lack of personal jurisdiction by defendants LMD and Assc., LLC ("LMD") (DE 252), H.P. Services, Corp. ("HP") (DE 290), Kallberg Industries, LLC ("Kallberg") (DE 250), and Bluesource, LLC ("Bluesource".) (DE 244.) I additionally granted plaintiffs' motion, in which they consented to transfer their claims against Able Innovations, Inc. ("Able".) (DE 322.) At that time, I directed the parties to assert their positions as to whether

the Court should opt to dismiss such claims or transfer them to districts where personal jurisdiction can be asserted. (DE 322 at 2.)

I then issued an order requesting that plaintiffs submit a proposed plan for severing and transferring their claims, to clarify which claims and parties were involved. (DE 334.) Plaintiffs have done so, by means of a chart, in a format dictated by the court. (DE 335.) I informed the defendants that failure to propose a transferee district as an alternative to dismissal would be deemed a waiver of any objection to the transferee district chosen by the court. (DE 334.)

Most defendants have responded by requesting that I dismiss plaintiffs' claims. (DE 328; DE 329; DE 331; DE 332.) Defendant HP has proposed in the alternative that the claims against HP be transferred to the District Court for the District of Puerto Rico. (DE 336.) Defendant Kallberg has proposed in the alternative a transfer to the Southern District of Florida. (DE 338.) Defendant Bluesource consents to a transfer to the Middle District of North Carolina, Durham Division, and does not seek dismissal.[1] Plaintiffs, for their part, request separate transfers of each case to various districts. (DE 330).

As explained below, I will transfer each case to an appropriate district, adhering to the preferences of plaintiffs, who after all, in the event of dismissal, could refile in any appropriate district of their choice.

## I.    Legal Standards

### A. Transfer

Although I have concluded that I lack jurisdiction over plaintiffs' claims against many of the defendants, I possess the power to transfer the cases to a different court pursuant to 28 U.S.C. § 1631. To do so, however, I must make two findings. First, I must determine that the proposed transferee court is one "in which the action or appeal could have been brought at the time it was filed." *Id.* A claim "could have been brought" in any court that has (1) subject matter jurisdiction, (2) personal jurisdiction, and (3) venue. *Am. Fin. Res., Inc.*

---

[1] That consent is contained in a letter, dated March 31, 2021, received in chambers but not yet filed on the docket.

*v. Smouse*, 2018 WL 6839570 at *5 (D.N.J. Dec. 31, 2018). Second, I must conclude that transfer, as opposed to dismissal, would be "in the interest of justice." 28 U.S.C. § 1631.

Subject matter jurisdiction will exist in any federal district court to which I might transfer these claims. Plaintiffs bring their claims pursuant to a federal statute, the Fair Labor Standards Act ("FLSA"), so there would be federal question jurisdiction. 28 U.S.C. § 1331; *Growth Horizons, Inc. v. Delaware Cty.*, 983 F.2d 1277, 1281 (3d Cir. 1993) ("A district court has federal question jurisdiction in any case where a plaintiff with standing makes a non-frivolous allegation that he or she is entitled to relief because the defendant's conduct violated a federal statute."). Any court would also have supplemental jurisdiction over plaintiffs' wage claims under Puerto Rico and Virgin Islands law, because those claims share a "common nucleus of operative fact" with the FLSA claims. 28 U.S.C. § 1367(a) (district courts have supplemental jurisdiction over claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"); *Del Valle v. OfficeMax N. Am, Inc.*, 2015 WL 222582 at *12 (D.V.I. Jan. 14, 2015) (Virgin Islands Fair Labor Standards Act claims have same elements as FLSA claims); *Perez-Maspons v. Stewart Title P.R., Inc.*, 208 F. Supp. 3d 401, 424 (D.P.R. 2016) (same for claims under Puerto Rican Law § 379).

As for personal jurisdiction, there are two kinds: general and specific. Specific jurisdiction relies on a corporate defendant's forum-related activities that give rise to the plaintiffs' claims, while general jurisdiction applies where the defendant corporation's contacts with the forum are sufficient to render it "at home" in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n.8 (1984). For a corporate defendant, the main bases for general jurisdiction are (1) the corporation's place of incorporation; and (2) its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For specific jurisdiction, courts ask (1) whether the defendant purposefully

directed its activities at the forum; (2) whether the litigation "arises out of or relates to" at least one of those contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

To determine whether venue in any particular district court is proper, courts look to 28 U.S.C. § 1391, which provides as follows:

> (b) Venue in general. A civil action may be brought in —
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>>
>> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such an action.

The defendants here are corporate entities. "[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction." *Id.* at 1391(c)(2).

The determination of whether transfer, as opposed to dismissal, is "in the interest of justice" is left to my discretion. *Roberts v. United States*, 710 Fed. App'x 512, 514 (3d Cir. 2017) (per curiam). Normally, transfer will be in the interest of justice when jurisdiction is clearly available in another court, "because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *SM Fin. Servs. Corp. v. Blue Cross Blue Shield of Tex.*, 2020 WL 7869213 at *2 (D.N.J. July 16, 2020). Transfer has the advantage over dismissal in the usual case because it provides the benefit of

maintaining continuity and avoiding litigation over whether the refiled action is time-barred. *Kim v. Korean Air Lines Co.*, 2021 WL 129083 at *9 (D.N.J. Jan. 14, 2021); *see also Kurzweil v. Amtrak*, 2020 WL 5760423 at *4 (D.N.J. Sept. 28, 2020).

### B. Severance

Rule 21 of the Federal Rules of Civil Procedure provides:

> On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

A court may "sever claims under Federal Rule of Civil Procedure 21, and then transfer the severed claims under Section 1404(a), while retaining jurisdiction over the remaining claims in an action." *Dao v. Knightsbridge Int'l Reins Corp.*, 15 F. Supp. 2d 567, 576 (D.N.J. 1998); *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999).

### II.   Discussion

#### a. Plaintiffs' Complaint

Plaintiffs currently bring claims against the following entities:

- Louis Berger Group (Domestic), Inc. ("Louis Berger")
- Sun Coast Resources, Inc. ("Sun Coast")
- Automated Controls and Power LLC/ACP LLC ("ACP")
- DK&J Enterprises, Inc. ("DK&J")
- Kennett
- Kallberg
- Bluesource
- Able
- HP

Defendants Louis Berger, Sun Coast, ACP, and DK&J have not contested personal jurisdiction in this matter, and have not requested that this case be transferred to a different court. Plaintiffs have not requested that their claims against these entities be transferred. The claims against Louis Berger, Sun Coast, ACP, and DK&J will therefore remain in this court.

That leaves Kennett, Kallberg, Bluesource, Able, and HP. As to them, plaintiffs have taken the straightforward approach, proposing transfer to the particular defendant's home district.

The complaint is uninformative about precisely which plaintiffs are suing which defendants. Plaintiffs have as much as acknowledged that they intended this action as a sort of do-it-yourself multidistrict litigation. It may be for this reason that the complaint tends to lump all claims and defendants together. Now, where a court has jurisdiction over the entire case, such matters may quickly be sorted out in discovery, but not so here. I have therefore sought, and received, a certain amount of clarification from plaintiffs' counsel. (*See* DE 334, 335 (chart of plaintiffs and defendants).)

In Appendix A, attached to this Opinion, I list the numerous plaintiffs, correlating them to the relevant defendants and the transferee districts. Out of courtesy to the transferee districts, however, I will require the plaintiffs to submit separate, severed complaints prior to transfer.

### b. LMD

Plaintiffs' counsel propose that the claims of plaintiffs Efrain Hernandez-Adorno, Edgardo Soto-Infante, and Alfonso Molina-Marrero against LMD be transferred to the United States District Court for the District of South Carolina. (DE 335 at 2; DE 330.) They claim personal jurisdiction and venue exists there because LMD has pled that it is registered and headquartered in Summerville, South Carolina. (DE 330.) LMD, for its part, has moved to sever plaintiffs' claims against it from this action and transfer venue to the United States District Court for the District of Puerto Rico. (DE 328.) LMD asserts that transfer to the District of Puerto Rico is convenient to both parties and witnesses, reasoning that all of the services provided by LMD occurred in Puerto Rico and the United States Virgin Islands and were carried out by Puerto Rican contract workers. (*Id.* at 2.) LMD accepts that personal jurisdiction over it would be proper in Puerto Rico and notes that the only plaintiff specifically linked to LMD in the Second Amended Complaint is Efrain Hernandez-Adorno, an adult resident of Puerto Rico. (*Id.*)

This action could have been brought in the district courts of either South Carolina or Puerto Rico. South Carolina has general personal jurisdiction over LMD because that is LMD's place of incorporation. (DE 328 at 2 ("LMD . . . is a South Carolina limited liability company")); *Daimler*, 571 U.S. at 137. Puerto Rico has personal jurisdiction over LMD because LMD has consented to personal jurisdiction there.[2] (DE 328 at 2; *see also Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived . . . .").) Venue is also proper in either location: LMD "resides" in South Carolina, justifying venue under 28 U.S.C. § 1391(b)(1), and a substantial part of the events giving rise to the claim occurred in Puerto Rico, justifying venue under § 1391(b)(2).

LMD notes that almost the bulk of the relevant conduct in this case occurred in Puerto Rico and the U.S. Virgin Islands, and that the parties and potential witnesses would therefore find Puerto Rico a convenient forum. (DE 328 at 2.) That may be correct; it was in Puerto Rico that the relevant plaintiffs performed the work which forms the basis for their claims against LMD. But statutorily, venue is proper in the District of South Carolina, and plaintiffs are entitled to deference in their choice of forum. LMD cannot plausibly assert that South Carolina, the state in which it is incorporated and maintains its principal place of business, would be an inconvenient forum for itself. I thus sever plaintiffs' claims against LMD, and, upon receipt of an amended, severed complaint, I will transfer that case to the District of South Carolina. Plaintiffs suggest that the Charleston vicinage in particular would be appropriate; intra-district allocation of the case, however, is a matter for the transferee district to decide.

---

[2] Puerto Rico would likely have personal jurisdiction even in the absence of consent, given LMD's many contacts with the territory.

### c. HP

Certain of the plaintiffs[3] request that the Court sever their claims against HP and transfer them to the United States District Court for the District of Puerto Rico, reasoning that HP is headquartered in Puerto Rico. (DE 330.) HP, for its part, requests that the claims against it be dismissed because there is no personal jurisdiction in New Jersey, and plaintiff's counsel is not admitted to practice in Puerto Rico. (DE 329.) HP agrees, however, that if I elect to transfer, rather than dismiss, the appropriate transferee district is the District of Puerto Rico. (DE 336.)

This matter could have been brought in Puerto Rico. HP has acknowledged that it is incorporated in Puerto Rico, so it is "at home" there. (DE 290-1 ¶ 3; *Daimler*, 571 U.S. at 137.) Venue would be proper in Puerto Rico, if only because HP "resides" there. 28 U.S.C. § 1391(b)(1).[4]

As previously noted in Section I.A, *supra*, the interests of justice typically weigh against dismissal when there is a court which would properly possess jurisdiction and venue. The District of Puerto Rico is such a district. I therefore will sever plaintiffs' claims against HP and, upon receipt of an amended, severed complaint, will transfer that severed case to the District of Puerto Rico.

### d. Kallberg

Certain of the plaintiffs request that the Court sever their claims against Kallberg and transfer the severed case to the United States District Court for the Southern District of Florida, reasoning that Kallberg is headquartered in Fort Lauderdale. Defendant Kallberg, for its part, requests dismissal of these

---

[3]   The plaintiffs who seek to transfer their claims against HP, Kallberg, Blue Source, and Kennett are too numerous to list here. Their names are set forth in the table attached as Appendix A.

[4]   Oddly, defendant HP is opposing transfer to its own home district, raising as an objection that *plaintiff's* counsel is not admitted in Puerto Rico. Plaintiffs themselves raise no such objection. This may be an example of what internet denizens call "concern trolling" (*i.e.,* raising an objection purportedly on behalf of the other side to derail that side's agenda and further one's own). *See, e.g.,* https://en.wiktionary.org/wiki/concern_troll.

claims, but states that, if the claims are not dismissed, the Southern District of Florida would be the appropriate transferee district. (DE 338.)

This matter could have been brought in the Southern District of Florida. Kallberg acknowledges that it is incorporated in the State of Florida, so it is "at home" there. (DE 250-2 ¶ 4; *Daimler*, 571 U.S. at 137.) Venue would be proper in the Southern District of Florida, because that is the district in which Kallberg resides. 28 U.S.C. § 1391(b)(1); *see* 28 U.S.C. § 1391(c)(2). (DE 330 at 1; DE 331.)

As noted in Section I, *supra*, the interests of justice typically weigh against dismissal when there is a court which possesses proper jurisdiction and venue. The Southern District of Florida is such a district. I therefore will sever plaintiffs' claims against Kallberg and, upon receipt of an amended, severed complaint, will transfer that severed case to the Southern District of Florida. Plaintiffs suggest that the Fort Lauderdale vicinage in particular would be appropriate; intra-district allocation of the case, however, is a matter for the transferee district to decide.

### e. Bluesource

Certain of the plaintiffs request to sever their claims against Bluesource and transfer them to the United States District Court for the Middle District of North Carolina, Durham Division. Bluesource consents. (March 31, 2021 Letter (not yet filed on ECF).)

This matter could have been brought in the Middle District of North Carolina, Durham Division. Bluesource's principal place of business is located there, so it is "at home" there. *Daimler*, 571 U.S. at 137. Venue would be proper in the Middle District of North Carolina, because it appears that is the district in which Kallberg resides. 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1391(c)(2). Since Bluesource consents, I will sever plaintiffs' claims against Bluesource and, upon receipt of an amended, severed complaint, will transfer those severed claims to the Middle District of North Carolina. Plaintiffs suggest that the Durham vicinage in particular would be appropriate; intra-district allocation of the case, however, is a matter for the transferee district to decide.

### e. Kennett

Certain of the plaintiffs request that this Court sever and transfer their claims against Kennett to the United States District Court for the Southern District of Florida, Fort Lauderdale. (DE 330 at 2.) Kennett does not consent to this request, but instead has informed the Court that it intends to re-file its motion to dismiss. (DE 333.)[5]

This matter could have been brought in the Southern District of Florida. Kennett acknowledges that it is incorporated in Florida and that its only office is located in Weston, Florida. (DE 249-1 ¶ 3.) Venue would be proper in the Southern District of Florida, because that is the district in which Kennett resides. 28 U.S.C. § 1391(b)(1).

Plaintiffs concede that I lack personal jurisdiction over Kennett in relation to these claims, and request transfer, rather than dismissal. As explained in Section I, *supra*, the interests of justice generally favor such a transfer in lieu of dismissal. Kennett's failure to provide an alternative location for transfer other than the Southern District of Florida is taken as a waiver of any objection to transfer to that location. (DE 334.) I will therefore sever plaintiffs' claims against Kennett and, upon receipt of an amended, severed complaint, will transfer those claims to the Southern District of Florida. Plaintiffs suggest that the Fort Lauderdale vicinage in particular would be

---

[5] In the same July 2020 time frame as the other motions to dismiss, Kennett filed a motion to dismiss the complaint on grounds of lack of personal jurisdiction. (DE 249.) Plaintiffs and Kennett then obtained a 30-day stay in order to discuss settlement. (DE 260.) That stay took Kennett's motion off the decision track, and it expired long ago, but neither party ever notified the court as to the status or requested further action. Kennett therefore was not one of the movants in connection with my March 11, 2021 opinion. Noticing this, I administratively terminated Kennett's motion to dismiss and requested that Kennett consider consenting to be bound by my recent decision as to its codefendants. (DE 323.) Kennett declined, seeking leave to refile its motion to dismiss by April 1, 2021 and stating that it would work out a briefing schedule with its adversary. (DE 333.) That has not occurred. At any rate, however, Kennett's prior motion was based solely on lack of personal jurisdiction, and plaintiffs concede the point. I am therefore transferring venue, without prejudice to Kennett's position on the merits.

appropriate; intra-district allocation of the case, however, is a matter for the transferee district to decide.

### f. Able

Plaintiffs Juan C. Gerena, Ruben Aponte, Alexander Ruiz-Garcia, Vincente Conzalez-Deliz, Rafael Alvarez-Vargas, Alexander Sanz, and Wray Rigual seek to sever and transfer their claims against Able to the Middle District of Florida. For the reasons given in my previous opinion and order (DE 321, 322), I grant their motion to sever. Upon receipt of an amended, severed complaint, I will transfer that complaint to the Middle District of Florida. Plaintiffs suggest that the Orlando vicinage in particular would be appropriate; intra-district allocation of the case, however, is a matter for the transferee district to decide.

## III.   Conclusion

The motions are granted to the extent that I will order severance of the plaintiffs' claims as noted above, and, upon receipt of appropriate amended and severed complaints in compliance with the procedure stated in the accompanying order, I will transfer those complaints to the specified districts. Dated: March 12, 2021

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**

# APPENDIX A

| Plaintiff(s) | | Defendant | Transferee District |
|---|---|---|---|
| Efrain Hernandez-Adorno<br>Edgardo Soto-Infante<br>Alfonso Molina-Marrero | v. | LMD | D.S.C. |
| Jose M Rodriguez-Ortiz<br>Maximino Delgado-De Leon<br>Jorge Resto-Cortes<br>Gerardo Nieves<br>Joel Rodriguez-Vega<br>Jose  M Garcia-Roman<br>Carlos Casillas<br>Billy Aponte-Rodriguez<br>Carlos M Torres-Cruz<br>Luis F. Crespo<br>Gonzalez Miguel A Santiago<br>Abnel Ramos-Mendez<br>Frank  Reyes<br>Jose L Morales-Espada<br>Luis  Navarro-Betancourt<br>David Velez-Olivo<br>Bryan Acevedo<br>Samuel Baez-Concepcion<br>Alex M. Rodriguez<br>Rafael Vazquez<br>Orlando Cubano-Velez<br>Manuel A Correa-Cruz<br>Manuel E Diaz-Monzon<br>Miguel Garcia-Barrios<br>Juan Carlos Gautier-Valentin<br>Jorge  M Diaz-Lopez<br>Jetsny Vizcarrondo<br>Orlando Rosado-Fuentes<br>Jean  L Rosado-Santiago<br>Edwin Nieves-Torres<br>Luis A Torres-Vega<br>Jose O Rivera-Medina<br>Carlos Encarnacion-Rivera | v. | HP | D.P.R. |

| | | | |
|---|---|---|---|
| Ivan J. Ojeda | | | |
| Jesse Velazquez Rivera | | | |
| Juan L Rodriguez | | | |
| Albert Torres | | | |
| Leose Rodriguez | | | |
| Miguel Villegas | | | |
| Luis Figueroa | | | |
| Gabriel T Prada | | | |
| Javier Colon | | | |
| Edgard Medina-Cruz | | | |
| Brian Castro | | | |
| Jose Armstrong | | | |
| Carlos R.  Abreu | | | S.D. Fla. |
| Miguel Isaac-Alicea | | | |
| Edgardo Gonzalez-Colon | | | |
| Gabriel Martinez-Lopez | | | |
| Nelson  Morales | | | |
| Hector Rivera | | | |
| Manuel A Lopez | | | |
| Richard Vargas | | | |
| Bernie Castellanos-Rodriguez | | | |
| Francisco Guzman-Bartolomei | | | |
| Eduardo Hernandez | v. | Kallberg | |
| Christopher L Perez | | | |
| Rafael Cortes | | | |
| Gabriel E. Fernandez-Torres | | | |
| Anibal Lopez-Medina | | | |
| Christian Benitez-Toledo | | | |
| Jonathan Sepulveda | | | |
| Josue Rios-Rivera | | | |
| Victor Fuentes-Fernandez | | | |
| Jorge Rosa | | | |
| Victor Alers | | | |
| Jose M. Garcia-Cortes | | | |
| Edgar Roman Lopez | | | |
| Diego Salcedo Morales | | | |
| Roberto O Ruiz | | | |
| Roberto Rafols | | | |
| Alejandro Moreda | | | |
| Juan  C. Gelabert | | | |
| Angel Andujar | | | |
| Jose De La Cruz | | | |
| Elvis A. Martinez | | | |
| William Dorta | | | |
| Kemuel Barreto-Castillo | | | |

| | | | |
|---|---|---|---|
| Leniel J. Soto<br>Bernardo Martinez-Paredes<br>Efrain Colon-Santana<br>Gabriel A. Velez- Lambrix<br>Lino Corretjer<br>Xavier Ramos-Rodriguez<br>Joseph Velez-Lambrix<br>Reinaldo Roman<br>Francisco J. Augusto-<br>Domenech Xavier Juarbe-<br>Vargas<br>Rafael Cruz<br>Eliezer Alvarez-Serrano<br>Jose A Vargas<br>Angelo Acevedo<br>Christian Nieves-Calero<br>Harold Gonzalez<br>Jose E Rafols<br>Juan Castro<br>Edwin Torrado-Torres<br>Karlos J Perez-Valle<br>Juan  C Gerena<br>Ruben Aponte<br>Alexander Ruiz- Garcia<br>Vicente Gonzalez-Deliz<br>Luis A. Ramos-Rodriguez<br>Eric Rivera<br>Jose A. Antongiorgi<br>Josue Perez-Carrero<br>Israel Velazquez-Rios<br>Javier Rodriguez-Mercado<br>Rolando Arroyo-Bracero<br>Elveen Samalot- Lopez<br>Ernesto Gonzalez<br>Raymond Torres-Roman<br>Alberto Cruz- Rodriguez<br>Ian M Cahill-Serrano<br>Samuel Ramos<br>Joel Martinez<br>Miguel  Diaz<br>Iran L. Adames<br>Jason P. Berrios<br>Osmar J.  Badillo-Maisonave<br>Jensen Riopedre<br>Rafael Alvarez-Vargas | | | |

14

| | | | |
|---|---|---|---|
| Johnny Ortiz-Rivera | | | |
| Emilio J. Rosario-Morales | | | |
| Alexander Rosario | | | |
| Alejandro Martinez | | | |
| Jason Roman Pagan | | | |
| Wigberto Torres Rivera | | | |
| Anibal Rosario-Batista | | | |
| David Arocho-Castro | | | |
| Jonathan Alvarez | | | |
| William Garcia-Caldero | | | |
| Daniel Alvarez | | | |
| Hector Cardona | | | |
| Wayne Cedeno | | | |
| Alexander Pagan | | | |
| Manuel Velez | | | |
| Luis Feliciano | | | |
| Luis M Rivera- Figueroa | | | |
| Federico Ruiz-Torres | | | |
| Jose A. Lugo | | | |
| Rafael Alomar-Colon | | | |
| Nelson Reyes-Pineiro | | | |
| Hector I Rodriguez-Ramos | | | |
| Jose A. Martinez La Santa | | | |
| German De Ornellas-Hau | | | |
| Darien Rivera Rodriguez | | | |
| Gamaliel Rodriguez-Claudio | | | |
| Luis A Rivera-Rodriguez | | | |
| Jeffrey Gleason-Lopez | | | |
| Ramon E Santiago-Torres | | | |
| Tomas Carino | | | |
| Giancarlo Cardona | | | |
| Juan  Arroyo-Diaz | | | |
| Xavier  Ponce | | | |
| Juan M Camacho-Rodriguez | | | |
| Jose Manuel Rodriguez-Cruz | | | |
| Javier  Bonilla-Rios | | | |
| Leonardo Mantilla | | | |
| Jose Machado | | | |
| Hauger Martin | | | |
| Wilfredo Figueroa | | | |
| Raul Gonzalez-Tosado | | | |
| Kelvin Ruiz-Maldonado | | | |
| Rancel Portes | | | |
| Thomas Bursian | | | |
| Ivan Burgos-Torres | | | |

| | | | |
|---|---|---|---|
| Jaime J Rubio | | | |
| Jose Carreras-Diaz | | | |
| Roberto Lopez | | | |
| Wilfredo Betancourt | | | |
| Alexandra Sanz | | | |
| Jaime Munoz | | | |
| Joshua Schultz | | | |
| Wray Rigual | | | |
| Gabriel Santos-De Leon | | | |
| Louis Vega | | | |
| Enrique Sanchez-Rodriguez | | | |
| Kyle Donaldson-Irizarry | | | |
| Luis Centeno-Guzman | | | |
| Daniel Perez-Nieves | | | |
| Eric X Perez-Rodriguez | | | |
| Edwin Rivera-Serrano | | | |
| Dana A Graydon | | | |
| Carlos Martinez | | | |
| Hector Rivera-Gonzales | | | |
| Jhon Sarmiento | | | |
| David  Gonzalez-Benjan | | | |
| Omar A. Santiago-Vega | | | |
| Davon Elie-Hiraldo | | | |
| Jason Pagan-Castellano | | | |
| Gabriel  Torres-Marquez | | | |
| Miguel F Serrano-Negron | | | |
| Justin  Mullins | | | |
| Jose A. Verdiales-Gonzalez | | | |
| Inocencio Rios | | | |
| William Magnuson | | | |
| Ramon Vazquez | | | |
| Edwin Rivera-Vega | | | |
| Virgilio Nunez-Rodriguez | | | |
| Bernardo R. Martinez-Guevara | | | |
| Rafael Benet-Ayala | | | |
| Luis I. Rivera-Santos | | | |
| Alexander Bermudez | | | |
| Erich Dehmel-Rivera | | | |
| Anthony Colon-Morales | | | |
| Michael  J. Mercer | | | |
| Cody Mercer | | | |
| Luis  E. Soto-Ruiz | | | |
| Alberto J Santiago-Roda | | | |
| Jose M Garcia Orlando | | | |
| Bello-Vazquez John Barber | | | |

| | | | |
|---|---|---|---|
| Billy Carpenter<br>Edgar Jiminez-Montanez<br>Kenneth Burrows<br>Michael Williams<br>James Carter<br>David  Guerry<br>Cesar Benitez<br>Angel Marquez-Cadiz | | | |
| Angela McGovern<br>Eduardo Rivas Fernandez<br>Miguel Isaac-Alicea<br>Rolando Arroyo-Bracero<br>Elveen Samalot- Lopez<br>Raymond Torres-Roman<br>Alejandro Martinez<br>Jason Roman Pagan<br>Wigberto Torres Rivera<br>Emely Rivera<br>Roberto Silva<br>Ruben Santana-Torres<br>Luis A Ruiz-Rosado<br>Gabriel Ortiz-Negron<br>Rene Y Gonzalez-Ramos<br>Israel Dilan<br>Jose A. Lugo<br>David Rosa Malave<br>Gabriel Cochran<br>Raymond Diaz<br>Roxanna Feliciano<br>Ernesto Vazquez- Roche<br>Tali Albarran<br>Ivan  Rosario-Pantoja<br>Axel Ledesma-Hernandez<br>Eric Delgado Ortiz<br>Luis A Miranda<br>Animari Otero<br>Brian A. Colon<br>Chase Criswell<br>Reynaldo Marquez Perez<br>Angel Lopez-Perez<br>Jonathan Tirado-Doncel<br>Heidy Soler<br>Amanda Motes<br>Jaime E Rubio<br>Kristian Abrams | v. | Bluesource | M.D. N.C. |

| | | | |
|---|---|---|---|
| Edwin Rivera-Serrano<br>Miguel Dones-Lopez<br>Jason Pagan-Castellano<br>Dolores Oliver<br>Keishla Andino<br>Logan Menser<br>Lorny Seda<br>Johnny Rivera-Vega<br>Angel Ortiz<br>Jared Burcham<br>Billy Carpenter<br>Josh Farrar<br>Michael Cedus<br>Earl Copeland<br>Brent Sandefur<br>Patrick Hall<br>Willie Britt<br>Michael Liston<br>Isaac Barrett<br>Adan Sanchez Rivera<br>Jonathan Hornback<br>Daniel Velasquez-Ortiz | | | |
| Ivan J. Ojeda<br>Jesse Velazquez Rivera<br>Juan L Rodriguez<br>Albert Torres<br>Leose Rodriguez<br>Miguel Villegas<br>Luis Figueroa<br>Gabriel T Prada<br>Javier Colon<br>Edgard Medina-Cruz<br>Brian Castro<br>Jose Armstrong<br>Carlos R.  Abreu<br>Edgardo Gonzalez-Colon<br>Nelson  Morales<br>Hector Rivera<br>Manuel A Lopez<br>Richard Vargas<br>Bernie Castellanos-Rodriguez<br>Francisco Guzman-Bartolomei<br>Eduardo Hernandez<br>Christopher L Perez<br>Rafael Cortes | v. | Kennett | S.D. Fla. |

18

| | | | |
|---|---|---|---|
| Gabriel E. Fernandez-Torres | | | |
| Anibal Lopez-Medina | | | |
| Christian Benitez-Toledo | | | |
| Jonathan Sepulveda | | | |
| Josue Rios-Rivera | | | |
| Victor Fuentes-Fernandez | | | |
| Jorge Rosa | | | |
| Victor Alers | | | |
| Jose M. Garcia-Cortes | | | |
| Edgar Roman Lopez | | | |
| Diego Salcedo Morales | | | |
| Roberto O Ruiz | | | |
| Roberto Rafols | | | |
| Alejandro Moreda | | | |
| Juan  C. Gelabert | | | |
| Angel Andujar | | | |
| Jose De La Cruz | | | |
| Elvis A. Martinez | | | |
| Kemuel Barreto-Castillo | | | |
| Leniel J. Soto | | | |
| Bernardo Martinez-Paredes | | | |
| Efrain Colon-Santana | | | |
| Gabriel A. Velez- Lambrix | | | |
| Lino Corretjer | | | |
| Xavier Ramos-Rodriguez | | | |
| Joseph Velez-Lambrix | | | |
| Reinaldo Roman | | | |
| Francisco J. Augusto-Domenech Xavier Juarbe-Vargas | | | |
| Rafael Cruz | | | |
| Eliezer Alvarez-Serrano | | | |
| Jose A Vargas | | | |
| Angelo Acevedo | | | |
| Christian Nieves-Calero | | | |
| Harold Gonzalez | | | |
| Jose E Rafols | | | |
| Juan Castro | | | |
| Edwin Torrado-Torres | | | |
| Karlos J Perez-Valle | | | |
| Juan  C Gerena | | | |
| Ruben Aponte | | | |
| Alexander Ruiz- Garcia | | | |
| Vicente Gonzalez-Deliz | | | |
| Luis A. Ramos-Rodriguez | | | |

| | | | |
|---|---|---|---|
| Eric Rivera | | | |
| Jose A. Antongiorgi | | | |
| Josue Perez-Carrero | | | |
| Israel Velazquez-Rios | | | |
| Javier Rodriguez-Mercado | | | |
| Rolando Arroyo-Bracero | | | |
| Elveen Samalot- Lopez | | | |
| Ernesto Gonzalez | | | |
| Raymond Torres-Roman | | | |
| Alberto Cruz- Rodriguez | | | |
| Ian M Cahill-Serrano | | | |
| Samuel Ramos | | | |
| Joel Martinez | | | |
| Miguel  Diaz | | | |
| Iran L. Adames | | | |
| Jason P. Berrios | | | |
| Osmar J.  Badillo-Maisonave | | | |
| Jensen Riopedre | | | |
| Rafael Alvarez-Vargas | | | |
| Johnny Ortiz-Rivera | | | |
| Emilio J. Rosario-Morales | | | |
| Alexander Rosario | | | |
| Alejandro Martinez | | | |
| Jason Roman Pagan | | | |
| Wigberto Torres Rivera | | | |
| Anibal Rosario-Batista | | | |
| David Arocho-Castro | | | |
| Jonathan Alvarez | | | |
| William Garcia-Caldero | | | |
| Daniel Alvarez | | | |
| Hector Cardona | | | |
| Wayne Cedeno | | | |
| Alexander Pagan | | | |
| Manuel Velez | | | |
| Luis Feliciano | | | |
| Luis M Rivera- Figueroa | | | |
| Federico Ruiz-Torres | | | |
| Rafael Alomar-Colon | | | |
| Nelson Reyes-Pineiro | | | |
| Hector I Rodriguez-Ramos | | | |
| Jose A. Martinez La Santa | | | |
| German De Ornellas-Hau | | | |
| Darien Rivera Rodriguez | | | |
| Gamaliel Rodriguez-Claudio | | | |
| Luis A Rivera-Rodriguez | | | |

| | | | |
|---|---|---|---|
| Jeffrey Gleason-Lopez<br>Ramon E Santiago-Torres<br>Giancarlo Cardona<br>Juan  Arroyo-Diaz<br>Xavier  Ponce<br>Juan M Camacho-Rodriguez<br>Leonardo Mantilla<br>Hauger Martin<br>Wilfredo Figueroa<br>Raul Gonzalez-Tosado<br>Kelvin Ruiz-Maldonado<br>Ivan Burgos-Torres<br>Jaime J Rubio<br>Jose Carreras-Diaz<br>Roberto Lopez<br>Alexandra Sanz<br>Jaime Munoz<br>Louis Vega<br>Kyle Donaldson-Irizarry<br>Daniel Perez-Nieves<br>Eric X Perez-Rodriguez<br>Edwin Rivera-Serrano<br>Dana A Graydon<br>Hector Rivera-Gonzales<br>Omar A. Santiago-Vega<br>Gabriel  Torres-Marquez<br>William Magnuson<br>Ramon Vazquez<br>Edwin Rivera-Vega<br>Bernardo R.  Martinez-Guevara<br>Luis I. Rivera-Santos<br>Erich Dehmel-Rivera<br>Anthony Colon-Morales<br>Alberto J Santiago-Roda<br>Orlando Bello-Vazquez | | | |
| Juan  C Gerena<br>Ruben Aponte<br>Alexander Ruiz- Garcia<br>Vicente Gonzalez-Deliz<br>Rafael Alvarez-Vargas<br>Alexandra Sanz<br>Wray Rigual | v. | Able | M.D. Fla. |